IN THE SUPERIOR COURT OF THE STATE OF DELAWARE


STATE OF DELAWARE                    : Def. I.D. No.:  2304008374,
                                     :                 2306001803
            vs.                      :
                                     :
DALLAS TINGLE,                       :
                                     :
            Defendant.               :
                                     :


**OPINION & ORDER**


Submitted:  August 21, 2024
Decided:  September 16, 2024


*Defendant's Motion for Postconviction Relief – **DENIED.***


**CONNER, J.**

On February 7, 2024, Dallas Tingle ("Defendant") pled guilty to Carrying a Concealed Deadly Weapon, Aggravated Menacing, and Strangulation. The State entered a *nolle prosequi* on the remaining eleven charges. The Defendant was sentenced to five years at Level V, followed by decreasing levels of subsequent incarceration and probation. There was no direct appeal to the Delaware Supreme Court.

On May 23, 2024, the Defendant timely filed his first Superior Court Criminal Rule 61 petition. It stated four grounds for relief: (1) ineffective assistance of counsel; (2) "forced" truth in sentencing plea and/or "misunderstood options"; (3) "inability to confront witnesses and credibility"; and (4) lack of physical evidence.

On June 18, 2024, defense counsel, Jefferey P. McLane, Esq. ("Mr. McLane"), filed an affidavit in response to the motion for postconviction relief. On July 8, 2024, the Department of Justice (DOJ) filed a response in opposition to the motion for postconviction relief. On August 21, 2024, the Defendant filed a reply letter.

Before assessing claims for relief, the Court must address the four procedural bars to relief under Rule 61. First, "[a] motion for postconviction relief may not be filed more than one year after the judgment of conviction is final."[1] The Defendant entered a guilty plea on February 7, 2024. Thirty days later, on March 08, 2024, the

---

[1] Super. Ct. Crim. R. 61(i)(1).

conviction became final. The motion for postconviction relief was filed May 5, 2024, well within the one-year period required under Rule 61(i)(1). Therefore, the motion is not barred by the one year limitation.

Second, "[n]o second or subsequent motion is permitted under this Rule unless that second or subsequent motion satisfies" certain requirements.[2] This is the first motion for postconviction relief, therefore the motion is not barred by this provision.

Third, grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred unless the movant shows both "(A) [c]ause for relief from the procedural default and (B) [p]rejudice from violation of the movant's rights."[3] This provision bars the third and fourth grounds for postconviction relief. The Defendant failed to assert in the proceedings leading to the guilty plea either that insufficient evidence existed to convict or that the State's witnesses against the Defendant were incredulous. Therefore, these claims are barred.

Finally, "[a]ny ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred."[4] As

---

[2] Super. Ct. Crim. R. 61(i)(2).
[3] Super. Ct. Crim. R. 61(i)(3).
[4] Super. Ct. Crim. R. 61(i)(4).

stated above, the Defendant accepted a plea deal, therefore no trial occurred for the adjudication of issues raised in this motion. As such, the motion is not barred by this provision.

The first ground for postconviction relief is ineffective assistance of defense counsel, Mr. McLane. Delaware courts assess ineffective assistance of counsel claims under the two-part standard established in *Strickland v. Washington*.[5] Under *Strickland*, the Defendant must show that Mr. McLane's representation (1) "fell below an objective standard of reasonableness"[6], and (2) that his "deficient performance prejudiced the defense."[7] Additionally, under *Strickland*, the Court "indulge[s] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance…."[8] Further, "[t]he defendant's representations at the plea colloquy, as well as any findings made by the judge accepting the plea, constitute a 'formidable barrier in any subsequent collateral proceedings.'"[9]

The thrust of the ineffective assistance of counsel claim is that Mr. McLane did not have "proper time to prepare." This claim contradicts the Defendant's

---

[5] 466 U.S. 668, 687-688 (1984).
[6] *Id.* at 688.
[7] *Strickland*, 466 U.S. at 687.
[8] *Id.* at 689.
[9] *State v. Melendez*, 2003 WL 23095688 at *3 (Del. Super. Dec. 19, 2003) (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977)).

representations to the Court during the plea colloquy where the Defendant affirmed that he had enough time to talk to Mr. McLane about his cases.  In the reply brief, the Defendant makes the conclusory allegation that had Mr. McLane filed a suppression motion, the charges would have been dropped.[10]  This allegation is purely speculative and contradicts the representations to the Court during the plea colloquy that he was satisfied with Mr. McLane's representation.[11] Additionally, raising new issues in the reply brief is not permitted without leave of the court and therefore barred.[12]

The Court's inquiry into defense counsel's performance must consider "whether counsel's assistance was reasonable considering *all* the circumstances."[13] Before Mr. McLane was assigned to the Defendant's cases, his prior attorney at the Office of Defense Services requested a continuance in his cases.  Mr. McLane became the Defendant's attorney on January 4, 2024, the same day that the continuance motion was denied.  While it is not contested that Mr. McLane first met with the Defendant on January 30, 2024, eight (8) days before the Defendant entered the plea, this alone does not mean that he did not have adequate time to prepare.

---

[10] Pet'r Reply Br. at 1.
[11] Tr. at 6.
[12] Super Ct. Crim. R. 61(b)(2) and 61(b)(6); *State v. Whittington*, 2022 WL 1740764 at *2 (Del. Super. May 27, 2022).
[13] *Strickland*, at 688 (emphasis added).

As for prong one, the arguments that Mr. McLane's representation fell below an objective standard of reasonableness are inadequate. He did not represent the Defendant for one week but one month. By the time he took the Defendant's cases, prior counsel's continuance motion had been denied and Mr. McLane was bound to operate within the confines of that denial. During that time frame, he met with the Defendant twice to discuss the cases. He made a strategic decision to not file a suppression motion. A decision that falls within the wide range of reasonable professional assistance. A decision that may have prevented the plea bargain, negotiated by the Defendant's prior counsel, from being taken off the table.

As for the second prong, the Defendant provides no support that Mr. McLane's performance prejudiced the defense. For Defendant's crimes, he was facing up to 21 years of incarceration at level V. Mr. McLane maintained a plea bargain, negotiated by prior counsel, wherein the defendant was only required to serve five years at level V. This is indicative of an adequate defense and demonstrates that Defendant was not prejudiced by Mr. McLane's representation. Considering the totality of the circumstances surrounding Mr. McLane's representation, including the time frame, the Court finds that Mr. McLane neither fell below an objective standard of reasonableness nor prejudiced the defense in any way. Finally, it bears repeating that at the plea colloquy, the Defendant asserted that he had enough time

to discuss his cases with Mr. McLane and that he was satisfied with his representation.

The second ground for postconviction relief is that the Defendant was "forced" into the plea agreement because it was his "only" option. To support this contention, the Defendant asserted again that defense counsel lacked adequate time to prepare, that the continuance was denied, and that insufficient evidence existed to convict the Defendant. The transcript from the plea colloquy shows otherwise. As stated above, "[r]epresentations at the plea colloquy, as well as any findings made by the judge accepting the plea, constitute a 'formidable barrier in any subsequent collateral proceedings.'"[14]

Absent clear and convincing evidence to the contrary, the Defendant is bound by his answers on the Truth-in-Sentencing Guilty Plea Form and by his testimony prior to the acceptance of the guilty plea.[15] At the February 7, 2024 plea colloquy, when asked if anyone was "forcing you to enter this plea…" the Defendant answered, "[n]o, sir."[16] Likewise, the Defendant affirmed that he had adequate time to talk with Mr. McLane and that he was satisfied with his representation.[17] These representations to the Court indicate that the Defendant was not forced into the plea

---

[14] *Melendez* at *3.
[15] *Kimbrough v. State*, 2024 WL 1847998 (Del. Apr. 26, 2024).
[16] Tr. at 6.
[17] *Id.*

7

agreement. Further, the Defendant's affirmative waiver of his right to a trial at the colloquy further demonstrates that pleading guilty was his choice of how to resolve his cases.[18]

For the foregoing reasons the Defendant's motion for postconviction relief is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Mark H. Conner*
Mark H. Conner, Judge

oc: Prothonotary
cc: Nichole Gannett, Deputy Attorney General
Jeffery McLane, Esquire
Dallas Tingle, *Pro Se*

---

[18] *Id.* at 5.